UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JENNIFER DUCOTE ET AL** | **CASE NO.  6:23-CV-00544** |
| **VERSUS** | **CHIEF JUDGE TERRY A. DOUGHTY** |
| **KINSALE INSURANCE CO ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a MOTION TO REMAND filed by Plaintiffs Jennifer Ducote, Joiya Houston, Jerome Robertson, Jessica Anderson, Jeevithan Alagurajah, Jeanne Brown, Ursula Roberts, Kenny Ginto, Sharon Jones, Luke Horn, Diedre Horn, Torri Hebert, Darius Brown, Marcia Magette, Micheal Ledoux, Ashley Browning, Lynn Laakkonen, Brad Freidenberger, and Arindam Sutradhar. (Rec. Doc. 9).  Defendants Bayou Oaks Apartments, LLC ("Bayou Oaks"), First Choice Management ("First Choice"), LLC initially opposed remand and incorporated in their opposition a MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY.  (Rec. Doc. 15).  Recently, the parties filed jointly a STIPULATION TO REMAND, indicating that Plaintiffs' motion is now unopposed.  (Rec. Doc. 28).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that Plaintiffs' MOTION TO REMAND (Rec. Doc. 9) be GRANTED and that this case be remanded to the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana.  The Court further recommends that Bayou Oaks and First Choice's Motion for Leave to Conduct Jurisdictional Discovery (Rec. Doc. 15) be DENIED AS MOOT.

## Factual Background

Plaintiffs were residents of Bayou Oaks Apartments in Lafayette, Louisiana when a fire erupted in their apartment building on December 30, 2021. (Rec. Doc. 1-1). Plaintiffs filed suit against Bayou Oaks; First Choice; Resendez Roofing ("Resendez"); its insurer, designated as "ABC Insurance Company;" TPI Construction & Painting, Inc. ("TPI")' and its insurer, Kinsale Insurance Company ("Kinsale") in the Fifteenth Judicial District Court for Lafayette Parish, Louisiana on December 12, 2022. (*Id.*). Plaintiffs' suit alleges acts of negligence by Bayou Oaks, First Choice, Resendez, and TPI resulted in damage to their homes and related injuries. (*Id.* at ¶ 2). Plaintiffs' complaint specifically alleges damages exceeding $50,000.00 as of the time of filing. (*Id.* at ¶ 9).

By notice dated April 26, 2023, Bayou Oaks removed Plaintiffs' suit to this Court based on diversity jurisdiction. (Rec. Doc. 1). Bayou Oaks alleged that Plaintiffs' suit met the complete diversity and amount in controversy requirements of 28 U.S.C. § 1332. (*Id.* at pp. 4-6). Specifically, Bayou Oaks claimed Kinsale and ABC are foreign insurers licensed to do business in the State of Louisiana, that Resendez and TPI are citizens of the State of Texas, and that Bayou Bayou Oaks and First Choice are Louisiana citizens improperly named in this suit because neither entity owned or managed the apartments at issue at the time of the fire. Instead, Bayou Oaks avers that the apartments at issue were owned by Juniper Feu Follett, LP and managed by Juniper Residential Management Group, LP d/b/a First Choice Management Group, both of which are Texas limited partnerships. (*Id.* at pp. 5-6). Bayou Oaks therefore asks that the Court disregard its own Louisiana citizenship and that of First Choice for purposes of removal jurisdiction. (*Id.* at pp. 6-7).

Plaintiffs' Motion to Remand asserts a lack of federal subject matter jurisdiction over this suit because the parties are not completely diverse in citizenship under § 1332(a).

2

Specifically, Plaintiffs claim that TPI is domiciled in Louisiana, having incorporated in Louisiana in 2015. (Rec. Doc. 9-1 at pp. 4-5). Plaintiffs also rejected Bayou Oaks and First Choice's assertions they were improperly named in this suit. (*Id.* at pp. 5-6). Bayou Oaks opposed Plaintiffs' motion and, in its brief, incorporated a motion for leave to conduct jurisdictional discovery regarding TPI's citizenship. (Rec. Doc. 15).

On July 12, 2023, TPI admitted in its answer that it is "a corporation incorporated in Texas and Louisiana." (Rec. Doc. 19 at p. 2). On July 13, 2023, TPI filed its required diversity jurisdiction disclosure statement, asserting it was incorporated in both Texas and Louisiana and maintains its principal place of business in Texas. (Rec. Doc. 27). On August 4, 2023, the parties filed joint a Stipulation to Remand. (Rec. Doc. 28).

## **Applicable Standard(s)**

Federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007). 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal citations omitted). Subject matter jurisdiction under § 1332 requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.00, exclusive of court costs and interest. 28 U.S.C. § 1332(a); *English v. Aramark Corp.*, 858 Fed. Appx. 115, 115-16 (5th Cir. 2021) (citing *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "Complete diversity" means that all

plaintiffs must be citizens of differing states from all defendants. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). A corporation is deemed to be a citizen of every state in which it is incorporated and in which it maintains its principal place of business. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006) (citing 28 U.S.C. § 1332(c)(1)).

## Analysis

Plaintiffs are undisputedly Louisiana citizens for purposes of the Court's analysis under 28 U.S.C. § 1332. (Rec. Doc. 1-1). TPI's Answer (Rec. Doc. 19) and Diversity Jurisdiction Disclosure Statement (Rec. Doc. 27) establish its Louisiana citizenship for these purposes. Pursuant to 28 U.S.C. § 1332(c)(1), TPI is deemed to be a citizen of Louisiana and Texas because it is incorporated in both states and maintains its principal place of business in Texas. (Rec. Docs. 19, 27). Based on these facts, Plaintiffs and TPI share Louisiana citizenship. Accordingly, the undersigned will recommend remand based on a lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Considering the lack of complete diversity found in the foregoing analysis, this Court does not reach Bayou Oaks' arguments regarding the ownership and management of the apartments at issue in this case.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' MOTION TO REMAND (Rec. Doc. 9) be GRANTED and, accordingly, that Plaintiffs' suit be REMANDED to the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. It is further recommended that Bayou Oaks' MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY (Rec. Doc. 15) be DENIED as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 8th day of August, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**